UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGASUS IMAGING CORPORATION,
a Florida corporation,

                Plaintiff,

vs.                                              Case No. 8:07-CV-1937-T-27EAJ

NORTHROP GRUMMAN CORPORATION,
and INTEGIC CORPORATION,

                Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Northrop Grumman Corporation's Motion to Dismiss for Failure to State a Claim (Dkt. 17). Upon consideration, Defendant Northrop Grumman Corporation's Motion to Dismiss is GRANTED, with leave to amend.[1]

Plaintiff, Pegasus Imaging Corporation ("Pegasus") is a developer of document imaging software. (Dkt. 1, Compl. ¶ 3). Pegasus brought this action against Northrop Grumman Corporation ("Northrop") and Integic Corporation ("Integic"), alleging copyright infringement, conversion, unjust enrichment, violation of the Lanham Act, and other state law causes of action. (Dkt. 1, Compl.). The Complaint also alleges breach of license agreement against Defendant Integic only. (Dkt. 1, Compl.). The claims arise from Defendants' alleged use of Pegasus' ImagXpress Software in connection with their creation of a military medical records system created by Defendants for the Department of Defense, which Pegasus contends exceeds the terms and conditions of Integic's license for limited

---

[1] Defendant Integic Corporation has moved to dismiss the complaint for lack of personal jurisdiction. (Dkt. 16). That motion will be ripe for consideration on or about July 2, 2008. (Dkt. 31).

1

use of the software. (Dkt. 1, Compl. ¶¶ 5, 10,11, 20, 21, 22, 30, 31).

In its motion to dismiss, Northrop argues that it has been named as a defendant solely because of its alleged parent-subsidiary relationship with Integic and that the allegations of the Complaint are insufficient to support a claim against Northrop based on an agency or alter ego theory of liability. (Dkt. 17, pp. 2, 6, 16-20). Plaintiff, in an unnecessarily cryptic rebuke to Defendant's contention, contends that "Northrop was and is <u>not</u> named in this matter merely because of its standing as the parent corporation and/or sole shareholder of Co-Defendant Integic Corporation." (Dkt. 23, p. 2).[2]

With respect to its claims against Northrop, Plaintiff argues that it does not rely on an alter ego theory of liability.[3] Rather, Plaintiff contend that it relies on a theory of direct liability, based on Northrop's own conduct. Notwithstanding, Plaintiff maintains that "it is unclear . . . that there is any difference between Northrop and Integic with regard to Pegasus' Software and/or the CHCS/AHLTA" and discusses "the intimate relationship of Defendants Northrop and Integic." (Dkt. 23, p. 2). Moreover, in the Complaint, other than the breach of license count, Plaintiff collectively refers to Northrop and Integic as "Defendants," without distinguishing the conduct of each. Further, Plaintiff relies on conclusory phrases such as "acted in concert," "assisted and promoted," "at the direction of or in concert with," "individually, through, or in concert with Northrop," without factual

---

[2] Plaintiff argues that Northrop ". . .materially misstates and mischaracterizes Pegasus' Complaint . . . ," queries "[w]hy or how Northrop even delves into this realm is a mystery" and contends that Northrop "attempts to fabricate an 'issue' out of thin air" (Dkt. 23, pp. 1-2). Commentary of this nature is distracting and unnecessary. Legitimate disagreement on the law is more persuasively addressed in a civil tone.

[3] Although Plaintiff may not intend to rely on an alter ego theory or instrumentality theory, its argument and allegations could understandably be construed as just that. "It is well settled that a parent corporation, even one that owns all the stock of a subsidiary corporation is not subject to liability for the acts of its subsidiary unless the parent so controls the operation of the subsidiary as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation." *In re Birmingham Asbestos Litig.*, 997 F.2d 827, 829 (11th Cir. 1993).

support for those conclusions. Plaintiff acknowledges, that "the term 'Defendants' is utilized and denotes Pegasus' allegation that both Northrop and Integic <u>directly participated in</u>, and are therefore both responsible for, the complained of actions." (Dkt. 23, p. 4).

It is apparent that Plaintiff relies on a theory of concerted action or joint liability, except as to its breach of license claim. While Plaintiff accurately points out that "Northrop is alleged as an active and direct actor and participant in the wrongful conduct," those conclusions are not supported by factual allegations supporting Plaintiff's theory of Northrop's direct or vicarious liability distinct from its subsidiary.[4] Plaintiff's theory of concerted conduct, evidenced by its reference to Northrop and Integic collectively and as joint participants in wrongful conduct, without factual allegations distinguishing the conduct of the two entities, is inconsistent with the separate identities of corporate entities, including parent and subsidiary corporations. *See United States v Bestfoods,* 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.") (citations omitted).

The allegations enumerated by Plaintiff on page 6 of its response to Northrop's motion to dismiss are representative of the very concern voiced by Northrop and discussed above. The closest Plaintiff comes to alleging a factual basis for naming Northrop as a defendant is ¶ 12 of the

---

[4] Pegasus alleges that Defendants "acted in concert regarding the activities constituting and/or furthering the unauthorized and improper use of Pegasus' ImagXpress Software," that Northrop "assisted and promoted the improper and unauthorized use of Pegasus' Software," that Integic "has and continues to use the Software in a manner which is outside of and in violation of the License" at the direction of or in concert with Northrop, that Integic and Northrop continue to use Pegasus' copyrighted software without an appropriate license, that "Integic and Northrop have incorporated, or are in the process of incorporating, Pegasus' Software into one or more existing or developing products or programs . . . which are identical or substantially similar to Pegaus' Software," that Northrop controls, directs and supervises Integic's actions which infringe Pegasus' copyrights in the software, and that "Integic and Northrop have accessed or obtained Pegasus' Source Code" used to build the ImagXpress Software. (Dkt. 1, Compl. ¶¶ 11, 12, 31, 32, 33, 38, 53, 56).

3

Complaint. Yet, even in that paragraph, Plaintiff relies on Northrop's acquisition of Integic, an allegation of concerted action, "interchanging use of the Defendants' employees, agents and facilities," Integic' status as Northrop's subsidiary, Northrop's "ownership of Integic," and interlocking officers or boards of directors." (Dkt. 1, Compl. ¶ 12). Those allegations are strikingly similar to those necessary to establish dominion and control by a parent over a subsidiary, for purposes of parental liability.

It is apparent that Plaintiff could, with respect to its copyright infringement cause of action, allege facts supporting vicarious liability. Lost in the 74 paragraphs and seven purported causes of action alleged in the Complaint, however, is Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, if Plaintiff intends to bring one or more causes of action against Northrop premised on direct or vicarious liability, Plaintiff must include factual allegations of Northrop's participation in the alleged wrongful conduct, distinct from Integic's.

At the motion to dismiss stage, review must be limited to the four corners of the Complaint. *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir. 2002). The allegations in the complaint are accepted as true. *Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir. 1999) (citations omitted). Until *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). However, pursuant to *Twombly,* which abrogated *Conley,* to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S. Ct. at 1974. Thus, "a plaintiff's

4

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citations omitted).

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. at 47). Although a complaint need not include detailed factual allegations, *it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level."* *Id.* at 1964-65 (emphasis added).

Accordingly, it is **ORDERED** Defendant Northrop Grumman Corporation's Motion to Dismiss for Failure to State a Claim (Dkt. 17) is **GRANTED**. The Complaint is dismissed with respect to Northrop. Plaintiff is granted twenty (20) days within which to amend its Complaint.[5]

**DONE AND ORDERED** in chambers this 30th day of May, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[5] If Plaintiff files an amended complaint as to Northrop, Plaintiff re-plead its claims against Integic. Counsel for Plaintiff and Integic are directed to discuss the handling of Integic's motion to dismiss. A suggestion, assuming the factual allegations against Integic remain the same, is for the parties to stipulate that Integic's motion to dismiss be carried over to the amended complaint. Otherwise, Integic's motion to dismiss (Dkt. 16) would be denied as moot, necessitating its re-filing.