**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PEGASUS IMAGING CORPORATION,**
a Florida Corporation,

    **Plaintiff,**

v.                                               **CASE NO. 8:07-CV-1937-T-27EAJ**

**NORTHROP GRUMMAN CORPORATION,**
and **NORTHROP GRUMMAN INFORMATION**
**TECHNOLOGY, INC.,**

    **Defendants.**
_____/

## ORDER

Before the court are Plaintiff's **Motion to Compel Production of Documents** (Dkt. 65), Plaintiff's **Memorandum in Support of Motion to Compel Production of Documents** (Dkt. 66), and Defendant Northrop Grumman Corporation's **Opposition to Motion to Compel** (Dkt. 71).

**Background**

Pegasus Imaging Corporation ("Pegasus") is a developer of document imaging software (Dkt. 60). In October 2007, Pegasus Imaging Corporation ("Pegasus") sued Integic Corporation ("Integic"), a predecessor-in-interest to Defendant Northrop Grumman Information Technology, Inc. ("NGIT"), and Defendant Northrop Grumman Corporation ("Northrop") for copyright infringement, conversion, unjust enrichment, violation of the Lantham Act, and other state law causes of action (Dkt. 1). On June 2, 2008, the court dismissed Pegasus' claims against Northrop because the complaint lacked factual allegations to support its claims (Dkt. 32).

In June 2008, Pegasus filed a First Amended Complaint asserting claims of vicarious and contributory copyright infringement against Northrop (Dkt. 35). In November 2008, the court again

dismissed Pegasus' claims because the amended complaint contained only vague and conclusory allegations against Northrop (Dkt. 56).

On December 15, 2008, Pegasus filed a Second Amended Complaint asserting vicarious and contributory copyright infringement claims against Northrop (Dkt. 60). On January 26, 2009, Northrop moved to dismiss the Second Amended Complaint arguing that the dismissal of the First Amended Complaint constituted an adjudication on the merits (Dkt. 69). Northrop also argued that the Second Amended Complaint should be dismissed for failure to state a claim (Id.).

On January 26, 2009, Pegasus filed a motion to compel the production of documents against Northrop alleging that Northrop failed to produce any documents in response to Pegasus' two requests for production of documents, served on July 7, 2008 and August 20, 2008 (Dkt. 66). Northrop argued it was not obligated to respond to Pegasus' August 20, 2008 document request because it was not a party to the case and was under no obligation to respond to the second document request (Dkt. 66 at 3).

Northrop filed a response to Pegasus' motion to compel on February 2, 2009 contending it produced three responsive documents in response to Pegasus' two document requests (Dkt. 71 at 2). Further, Northrop asserts it has no additional documents responsive to Pegasus' discovery requests and it is not withholding any responsive documents on the basis of privilege (Id.).

On August 21, 2009, the court denied Northrop's motion to dismiss the Second Amended Complaint finding that Pegasus sufficiently pled claims for vicarious and contributory infringement (Dkt. 81 at 3-4). The court rejected Northrop's argument that Pegasus' claims against Northrop were dismissed with prejudice because the order expressly granted Pegasus leave to amend (Dkt. 81 at 2, n. 1)

Pegasus' Motion to Compel

Pegasus seeks an order compelling Northrop to produce documents in response to Pegasus' two document requests and to provide Pegasus with a privilege log of withheld documents. Pegasus challenges Northrop's refusal to produce documents in response to Pegasus' second request for documents based on the court's dismissal of Pegasus' First Amended Complaint (Dkt. 66 at 3). Additionally, Pegasus suggests that two documents previously produced in discovery clearly indicate that Northrop is withholding responsive documents. First, Pegasus cites a November 8, 2006 letter from Northrop Senior Counsel Jay Weitzel ("Weitzel") to Pegasus regarding Defendant NGIT's alleged breach of its license agreement (Dkt. 66, Ex. D). In this letter, Weitzel identified himself as counsel for Northrop on Northrop letterhead and stated that Northrop paid for the two development licenses (Id.). Second, Pegasus cites a November 2, 2006 e-mail from Denny Porter ("Porter") of Integic to Larry Albert ("Albert") of Northrop (Dkt. 66, Ex. E). In the e-mail, Porter informs Albert that the Department of Defense has requested a letter from "Northrop Grumman" denying Pegasus' claim of copyright infringement or providing proof of a valid license agreement with Pegasus (Id.).

In response, Northrop asserts that it conducted a thorough search for responsive documents relating to Pegasus' first document request. Although Northrop objected to the first document request, it responded that no responsive documents existed (Dkt. 71 at 4). In reference to Pegasus' second document request, Northrop advised Pegasus in December 2008 that the court's dismissal of the First Amended Complaint relieved it of any obligation to continue its search for documents (Dkt. 66, Ex. B). However, anticipating that Pegasus would seek the same documents pursuant to a Rule 45 subpoena, Northrop completed its search for and review of documents in response to

Pegasus' second document request. Thus, by letter of January 29, 2009, Northrop informed Pegasus that it had conducted a search and produced three responsive documents to Pegasus (Dkt. 71, Ex. B). Northrop states that it has no additional documents in response to Pegasus' discovery requests and it has not withheld any documents on the basis of privilege.[1]

Northrop rejects Pegasus' position that the two documents cited by Pegasus should have been produced by Northrop rather than NGIT. According to Weitzel's declaration, although Weitzel is a Northrop employee, he serves as counsel for Northrop's subsidiary, NGIT, and responded to Pegasus in that capacity (Dkt. 71, Ex. C). Moreover, Northrop points out that while the logo of Northrop appears on Weitzel's November 8, 2008 letter, the letterhead identifies the source of the correspondence as Northrop's subsidiary, NGIT (Dkt. 66, Ex. D). As to the November 2, 2006 e-mail regarding the Department of Defense's request for a letter from "Northrop Grumman," Northrop contends that Porter's shorthand reference to NGIT as "Northrop Grumman" does not establish that Northrop withheld responsive documents.

Northrop maintains that it has produced all responsive documents and that it has not withheld any documents on the basis of privilege. Although Northrop initially argued it had no obligation to respond to Pegasus' second document request, Northrop completed a search for responsive documents and produced three documents to Pegasus. Based on the record, the court will not compel Northrop to produce what it says it does not have or what it has already produced. Furthermore, the two documents cited by Pegasus do not demonstrate that Northrop has withheld responsive documents. Based on Northrup's unequivocal representation that all responsive

---

[1] Northrop asserts that NGIT is preparing a privilege log identifying all communications between Weitzel and his client, NGIT (Dkt. 71 at 8, n.3).

documents have been produced and that no documents have been witheld on the grounds of privilege, the motion to compel is denied. However, the parties are reminded of their continuing duty to supplement or to correct their discovery responses and of the availability of sanctions for discovery abuses. See Fed. R. Civ. P. 26(e) (requiring parties to supplement or correct their disclosures of responses to discovery requests); Fed. R. Civ. P. 37(c) (providing sanctions for failures to disclose or for evasive or incomplete disclosures). Accordingly, Pegasus' Motion to Compel Production of Documents (Dkt. 65) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 24th day of August, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge