## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PEGASUS IMAGING CORPORATION,**
a Florida Corporation,

<strong>Plaintiff,</strong>

vs.                                                    Case No. 8:07-cv-01937-JDW-EAJ

**NORTHROP GRUMMAN CORPORATION,**
a Delaware Corporation,
**NORTHROP GRUMMAN
INFORMATION TECHNOLOGY, INC.,**                        **JURY TRIAL DEMANDED**
a Delaware Corporation and
**NORTHROP GRUMMAN**                                   **INJUNCTIVE RELIEF**
**INFORMATION TECHNOLOGY, INC.,**                      **REQUESTED**
a Delaware Corporation, as successor
in interest to **INTEGIC CORPORATION,**
formerly a Virginia Corporation,

<strong>Defendants.</strong>

_____/

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT
## NORTHROP GRUMMAN CORPORATION'S AFFIRMATIVE DEFENSES
## AND MEMORANDUM OF LAW

Plaintiff, Pegasus Imaging Corporation ("Plaintiff" or "Pegasus"), hereby moves the Court, pursuant to Fed. R. Civ. P. 12(e) and (f) and Local Rules for the Middle District of Florida, for entry of an Order striking Defendant Northrop Grumman Corporation's (hereinafter "NGC") Affirmative Defenses 1, 2, 3, 5, 9, 10 and 11 and states as follows:

1.      Pegasus filed its Second Amended Complaint (Dkt. 60) on December 15, 2008 alleging a single count against NGC, for copyright infringement (vicarious and contributory) (Count III).

2.      Defendant NGC served and filed their Answer, Affirmative Defenses and Counterclaims to the Second Amended Complaint on September 18, 2009 (Dkt. 85). Therein, Defendant alleged 11 separate Affirmative Defenses.  Pursuant to Fed. R. Civ. P. 12(f), Pegasus moves to strike certain Affirmative Defenses alleged by Defendant.

3.      Defendant's Affirmative Defenses 1, 2, 3, 5, 9, 10 and 11 are insufficient as a matter of law and this Court should strike each.  The Affirmative Defenses suffer a variety of defects and the grounds and authority for this Motion are set forth in the corresponding Memorandum of Law.  Notably, nearly every affirmative defense fails to meet the simple pleading standard of Fed. R. Civ. P. 8(a).

4.      Pursuant to Local Rule 3.01(g), counsel for Plaintiff, Pegasus Imaging Corporation, hereby certifies that they have conferred with opposing counsel and counsel for Defendant objects to the relief requested.

WHEREFORE, Plaintiff, Pegasus Imaging Corporation, requests the entry of an Order striking Defendant's Affirmative Defenses 1, 2, 3, 5, 9, 10 and 11 and for any other such relief as the Court deems appropriate under the circumstances.

### MEMORANDUM OF LAW
### IN SUPORT OF PLAINTIFF'S MOTION TO STRIKE
### DEFENDANT'S AFFIRMATIVE DEFENSES

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  'A court may strike an affirmative defense if the defense is "insufficient as a matter of law."'  *Wlodynski v. Ryland Homes of Florida Realty Corp.*, Case No. 8:08-CV-00361-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (citing *Microsoft Corp. v.*

*Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002). An affirmative defense is insufficient as a matter of law if it is: (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law. *Microsoft Corp.,* 211 F.R.D. at 683.

Affirmative defenses are pleadings and therefore are subject to the general pleading requirements of Fed. R. Civ. P. 8(a). *Centex Homes v. Mr. Stucco, Inc.*, Case No. 8:07-CV-365-T-27MSS, 2008 WL 793587, at *1 (M.D. Fla. March 25, 2008). "Affirmative defenses may also be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed. R. Civ. P. 8, which requires a short and plain statement of the defense asserted." *Wlodynski*, 2008 WL 2783148 at *2. By definition, an affirmative defense can only be established when the defendant admits the essential facts of the complaint and pleads new <u>facts</u> in justification or avoidance of the action. *Id.* Thus, an affirmative defense is insufficient as a matter of law and must be stricken if it fails to recite more than bare-bones, conclusory allegations. *Id.* (citing *Microsoft Corp.,* 211 F.R.D. at 683); *Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*, No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265 (M.D. Fla. August 21, 2008).

Additionally, an affirmative defense is insufficient if it is not recognized as a defense to the cause of action. *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. Supp. 200, 217 (D. N.J. 1993). Consequently, what constitutes an insufficient affirmative defense depends, in part, upon the nature of the claim for relief and the defense in question. *Equal Employment Opportunity Commission v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980), *cert. denied,* 450 U.S. 917 (1981) (citing Federal Practice and Procedure, Wright and Miller, Vol. 5, Section 1381, p. 791).

The Court enjoys broad discretion in determining whether to grant or deny a motion to strike. *Centex Homes v. Mr. Stucco, Inc.*, Case No. 8:07-CV-365-T-27MSS, 2008 WL 793587, at *1 (M.D. Fla. March 25, 2008). Importantly, a Court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) (citing *Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th Cir. 2001); *Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. Coll.,* 77 F.3d 364, 367 (11th Cir. 1996). In particular when such practice (the shotgun pleading of affirmative defenses) simply confuses and clutters complex litigation, a motion to strike the offending defenses removes unnecessary distraction, serving to expedite, not delay, the proceedings. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F. 2d 1286, 1294 (7th Cir. 1989). Striking Defendants' insufficient affirmative defenses will save time and expense by making it unnecessary to litigate claims which will not affect the outcome of the case. *Tonka Corp.*, 836 F. Supp. at 218.

## ARGUMENT

Defendant's Affirmative Defenses (enumerated below) are insufficient as a matter of law and, thus, should be stricken. The Affirmative Defenses suffer a variety of defects. Notably, nearly every Affirmative Defense fails to meet the simple standard of Fed. R. Civ. P. 8(a).

### Defendant's First Affirmative Defense

Defendant's First Affirmative Defense states as follows: "Plaintiff fails to state a claim upon which relief can be granted."

4

Defendant's First Affirmative Defense should be stricken as it is not actually an Affirmative Defense at all. *Merrill Lynch*, 2005 WL 975773 at *12 (S.D. Fla. 2005) (striking defense that Plaintiff had failed to state a cause of action as it is not actually a defense).

**Defendant's Second Affirmative Defense**

Defendant's Second Affirmative Defense states as follows: "Plaintiff's claims are barred by accord and satisfaction."

This Affirmative Defense constitutes a bare-bones, conclusory allegation, which is totally devoid of any factual allegations to support it. An Affirmative Defense is deficient when it "contains a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Merrill Lynch*, 2005 WL 975773 at *12 (S.D. Fla. 2005). Defendant has failed to allege any facts whatsoever that would give notice to Plaintiff regarding how an accord and satisfaction was allegedly reached. Accordingly, this Affirmative Defense should be stricken.

**Defendant's Third Affirmative Defense**

Defendant's Third Affirmative Defense alleges as follows: "Plaintiff's claims are barred in whole or part by the doctrines of unclean hands and Plaintiff's own fault."

This Affirmative Defense constitutes a bare-bones, conclusory allegation, which is totally devoid of any factual allegations to support it. An Affirmative Defense is deficient when it "contains a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Merrill Lynch*, at *12. Defendant has failed to allege any facts whatsoever that would give notice to Plaintiff regarding why it has unclean hands or why Plaintiff is at fault. Accordingly, this

Affirmative Defense should be stricken.

**<u>Defendant's Fifth Affirmative Defenses</u>**

      Defendant's Fifth Affirmative Defense alleges as follows:  "Plaintiff failed to mitigate its damages."

      This Affirmative Defense constitutes a bare-bones, conclusory allegation, which is totally devoid of any factual allegations to support it.  An Affirmative Defense is deficient when it "contains a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand."  *Merrill Lynch*, at *12.  It is appropriate for the Court to strike such a bare-bones, conclusory defense where the Defendant fails to state what measures the Plaintiff allegedly failed to take to mitigate damages.  *Merrill Lynch*, 2005 WL 975773, at *12 (citing *Ivanhoe Financial, Inc. v. Highland Banc Corp.*, No. 03-C-7336, 2004 WL 2091997, at *3 (N.D. Ill. September 15, 2004).  *Wlodynski*, 2008 WL 2783148 at *2;  *Microsoft Corp.*, 211 F.R.D. at 683);  *Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*, No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265 (M.D. Fla. August 21, 2008).  The Defendant has failed to plead what measures the Plaintiff allegedly failed to take to mitigate damages.  Accordingly, this Affirmative Defense should be stricken.

**<u>Defendant's Ninth Affirmative Defense</u>**

      Defendant's Ninth Affirmative Defense alleges as follows: "Plaintiff's claims are barred by virtue of its own breach of the License Agreement."

      This Affirmative Defense constitutes a bare-bones, conclusory allegation, which is totally devoid of any factual allegations to support it.  An Affirmative Defense is deficient when it "contains a bare-bones conclusory allegation which simply names a legal theory

but does not indicate how the theory is connected to the case at hand." *Merrill Lynch*, at *12. Defendant has not plead any facts regarding how Plaintiff allegedly was in breach of the License Agreement. Accordingly, this Affirmative Defense should be stricken.

## Defendant's Tenth Affirmative Defense

Defendant's Tenth Affirmative Defense alleges as follows: "Plaintiff's claims in whole or in part by the doctrine of anticipatory repudiation."

This Affirmative Defense constitutes a bare-bones, conclusory allegation, which is totally devoid of any factual allegations to support it. An Affirmative Defense is deficient when it "contains a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Merrill Lynch*, at *12. Defendant has plead no facts to put Plaintiff on notice regarding how it allegedly anticipatorily breached the License Agreement. Accordingly, this Affirmative Defense should be stricken.

## Defendant's Eleventh Affirmative Defense

Defendant's Eleventh Affirmative Defense alleges as follows: "NGC hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defense."

An Affirmative Defense is insufficient as a matter of law if it (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law. *Wlodynski*, 2008 WL 2783148 at *1 (citing *Microsoft Corp.*, 211 F.R.D. at 683). Here, the Affirmative Defense is clearly invalid as a matter of law because it does not raise any defense at all but rather

merely attempts to preserve the right to raise additional unknown defenses. Accordingly, this Affirmative Defense should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff, Pegasus Imaging Corporation's Motion to Strike Affirmative Defenses enumerated 1, 2, 3, 5, 9, 10 and 11 in Defendant NGC's Answer and Affirmative Defenses (Dkt. 85) should be granted.

Respectfully submitted this 8th day of October, 2009.

**ALLEN DELL, P.A.**

**/s/ David D. Ferrentino**
David D. Ferrentino, Esquire (Trial Counsel)
Florida Bar No. 908754
dferrentino@allendell.com
Dave Forziano, Esquire
Florida Bar No. 025755
dforziano@allendell.com
Richard A. Harrison, Esquire
Florida Bar No. 602493
rharrison@allendell.com
Donald W. Stanley, Jr., Esquire
Florida Bar No. 231525
dstanley@allendell.com
202 South Rome Avenue
Suite 100
Tampa, Florida 33606
Telephone: (813) 223-5351
Facsimile: (813) 229-6682
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: **Lawrence B. Lambert, Esquire**, Lash and Goldberg, LLP, 100 SE 2nd Street, Suite 1200, Miami, Florida, 33131; and **Gary A. Orseck, Esquire** and **Ariel Lavinbuk, Esquire**, Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP, 1801 K Street, Suite 411L, Washington, DC 20006.


                                     **/s/ David D. Ferrentino**
                                     David D. Ferrentino, Esquire (Trial Counsel)
                                     Florida Bar No. 908754