UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGASUS IMAGING CORP.,

     Plaintiff,

vs.                                        Case No. 8:07-CV-1937-T-27EAJ

NORTHROP GRUMMAN CORP., et al.,

     Defendants.

_____/

## ORDER

**BEFORE THE COURT** is Defendant Northrop Grumman Corporation's Motion for Summary Judgment (Dkt. 115). Plaintiff has responded in opposition (Dkt. 126). Upon consideration, the motion (Dkt. 115) is DENIED.

### Background

In this action, Northrop Grumman Corporation ("NGC") and several related entities are alleged to have used Pegasus's ImagXpress software in a manner that exceeded the scope of their license. Pegasus alleges NGC's subsidiary, Northrop Grumman Systems Corporation ("NGSC"), is liable for direct copyright infringement based on the actions of two entities that merged with NGSC: Integic Corporation and Northrop Grumman Information Technology ("NGIT").[1] Specifically, Pegasus contends that Integic's and NGIT's use and distribution of ImagXpress in the Armed Forces Health Longitudinal Technology Application ("AHLTA") constituted direct copyright infringement.

As for NGC, Pegasus's claim is limited to a single count of secondary copyright infringement. NGC has moved for summary judgment, arguing Pegasus failed to adduce any

---

[1] Integic Corporation merged with NGIT. After Pegasus filed this action, NGIT merged with NGSC.

evidence of vicarious or contributory infringement. Pegasus contends there is ample evidence supporting its secondary copyright infringement claim.

## Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

The Court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, "the evidence of the non-movant is to be believed." *Hickson*, 357 F.3d at 1260 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). All factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Id.* In resolving a motion for summary judgment, therefore, "the court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party." *Morrison*, 323 F.3d at 924.

## Discussion

### Vicarious copyright infringement

"Liability for vicarious copyright infringement arises 'when the defendant [1] profits directly from the infringement and [2] has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement.' " *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n.19 (11th Cir. 2007) (quoting *Metro-Goldwyn-Mayer Studios Inc. v.*

2

*Grokster, Ltd.*, 545 U.S. 913, 931 n.9 (2005)).

It is undisputed that at the time of NGIT's alleged direct infringement, NGIT was a subsidiary of NGSC, and NGSC was a subsidiary of NGC. As corporate grandparent, NGC had a direct financial interest in NGIT's revenues. To the extent NGIT benefitted from selling versions of AHLTA containing infringing material, its shareholder, NGSC, and NGSC's shareholder, NGC, likewise benefitted. *See, e.g., Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 834 (8th Cir. 1992) ("Benedetto, as sole shareholder of Camex, had a financial interest in the [unlicensed] sale of the books" and therefore met the standard required for vicarious liability); *RCA/Ariola Int'l Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 782 (8th Cir. 1988) ("McCann's financial interest in the infringements follows directly from Metacom's, since McCann is a fifty percent shareholder in Metacom."); *Data Gen. Corp. v. Grumman Data Sys. Corp.*, 886 F. Supp. 927, 930-31 (D. Mass. 1994) ("Grumman Data, as the sole owner of GSSC, benefitted financially from GSSC's alleged infringing activity . . . ."); *Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103, 1107 (S.D.N.Y. 1994) ("As the sole shareholder of Express, Limited undoubtedly benefits financially from the profits Express might earn from sales of the [infringing] sweater."); *Shady Records, Inc. v. Source Enters., Inc.*, No. 03 Civ. 9944(GEL), 2005 WL 14920, at *25 (S.D.N.Y. Jan. 3, 2005) ("And if Source benefited from the infringing activities, so too would BE/GS as a shareholder."); *but see Broadvision Inc. v. Gen. Elec. Co.*, No. 08 Civ. 1478(WHP), 2009 WL 1392059, at *4 (S.D.N.Y. May 05, 2009); *Goes Lithography Co. v. Banta Corp.*, 26 F. Supp. 2d 1042, 1045 (N.D. Ill. 1998). Indeed, there is evidence that revenues from AHLTA were ultimately included in NGC's financial reports.

The second prong requires proof of the right and ability to supervise the direct infringer. This standard is not satisfied simply by virtue of the parent-subsidiary relationship. *Banff*, 869 F. Supp. at 1110. Rather, the parent's "right and ability to supervise the subsidiary" must be "evidenced by

3

some continuing connection between the two in regard to the infringing activity." *Id.*; *see Howard Johnson Co., v. Khimani*, 892 F.2d 1512, 1518 (11th Cir. 1990) (citing *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1553 (9th Cir. 1989)). "[T]here must be indicia beyond the mere legal relationship showing that the parent is actually involved with the decisions, processes, or personnel directly responsible for the infringing activity." *Banff*, 869 F. Supp. at 1109.

Pegasus submitted evidence that several developers and managers who oversaw the AHLTA development project were actually employees of NGC. The Release Manager for AHLTA, the Configuration Manager for AHLTA, and the lead program manager for AHLTA all testified that they were employed by NGC.[2] In addition, NGC's corporate vice president was also the president of NGIT. *See Howard Johnson*, 892 F.2d at 1518 (finding control and responsibility for infringement where, among other things, officers of defendant were also officers of direct infringer).

After Pegasus notified NGIT's president of the alleged infringement, it was NGC's legal counsel who responded and refused to cease the alleged infringing activities. And he specifically identified himself as "counsel for Northrop Grumman Corporation." (Dkt. 126-15). *See Frank Music*, 886 F.2d at 1553 (fact that parent corporation's legal counsel responded to inquiries about infringement was an "important piece[] of evidence" regarding parent's substantial and continuing connection with the infringement). Pegasus has come forward with sufficient evidence to create a genuine issue of material fact as to whether NGC is liable for vicarious infringement.

**Contributory copyright infringement**

Contributory copyright infringement is the encouragement, "intentional inducement, causation or material contribution to another's infringing conduct." *BUC Int'l*, 489 F.3d at 1138

---

[2] There is also evidence that NGC is simply a holding company which has no employees. Whether these individuals were employed by NGC or NGIT is a disputed fact to be resolved by the jury.

4

n.19; *Grokster*, 545 U.S. at 930. To be liable for contributory infringement, a defendant must "[k]now, or have reason to know" of the direct infringement. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990) (quotation omitted). There is evidence that NGC's corporate vice president knew or should have known of the direct infringement. Likewise, there is evidence from which a jury could reasonably conclude that NGC's employees materially contributed to the infringement. Summary judgment is therefore improper as to Pegasus's claim for contributory infringement.

### Conclusion

Accordingly, Defendant Northrop Grumman Corporation's Motion for Summary Judgment (Dkt. 115) is DENIED.

**DONE AND ORDERED** this ___ day of December, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record