UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGASUS IMAGING CORP.,

                Plaintiff,

vs.                                        Case No. 8:07-CV-1937-T-27EAJ

NORTHROP GRUMMAN CORP., et al.,

                Defendants.
_____/

## ORDER

BEFORE THE COURT is Defendants' Motion in Limine to Exclude Certain Testimony of Matthew Decker (Dkt. 152). For the reasons stated in open court and set forth below, the motion (Dkt. 152) is DENIED.[1]

## Discussion

Defendants move to exclude a narrow portion of the testimony of Plaintiff's computer forensics expert, Matthew Decker. Specifically, Defendants challenge the admissibility of Decker's opinion that certain OCA files "are the embodiment of the Pegasus software, cannot be created without the Pegasus software, and are in fact Pegasus software." (Decker Supp. Rpt., Dkt. 152-2 at 16 of 20).

Prior to the admission of expert testimony under Rule 702 of the Federal Rules of Evidence, a determination must be made that "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to

---

[1] After hearing arguments, the Court denied Defendant's motion during trial. (Dkt. 198). This order serves to memorialize that ruling.

understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). The proponent of expert testimony bears the burden of establishing each prong by a preponderance of the evidence. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005). Defendants argue that Decker's testimony regarding "the nature or significance of OCA files" is inadmissible because he is unqualified and his methods are unreliable.

**Qualifications**

"The qualification standard for expert testimony is 'not stringent,' and 'so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility.'" *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (quotation omitted). Decker is eminently qualified as a computer forensics expert. Defendants do not dispute this. Their argument is that he is unqualified to opine on OCA files because he has not done so in the past, that OCA files are outside the scope of Decker's daily work, and that he educated himself on OCA files before preparing his report. Defendants point out that Decker did not know whether OCA files "can be called upon so that the program can do what it needs to do." (Dkt. 152-5, Decker Dep. 75:4-8). And he is admittedly "not the guy to formulate an opinion and give you an answer" on "an instance in which an OCA file was able to be called by a computer application to perform a routine or function." (*Id.* at 81:11-18).

Notwithstanding, Decker has "run across" OCA files in his work experience, and he has "given them consideration when looking at computer images and looking at source code in other circumstances." (*Id.* at 76:12-19). The fact that he was not intimately familiar with OCA files and educated himself before preparing his report does not render him unqualified. *See Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 80 (1st Cir. 2004) ("Rule 702 is not so wooden as to demand an intimate level of familiarity with every component of a transaction or device as a

prerequisite to offering expert testimony. . . . When, as in this case, an expert is 'qualified . . . by knowledge, skill, experience, training, or education,' Fed. R. Evid. 702, he need not have had first-hand dealings with the precise type of event that is at issue." (internal quotation omitted)); *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 516 (6th Cir. 1998) (Lack of familiarity with a given topic "affects the witness' credibility, not his qualifications to testify." (quotation omitted)). These matters can certainly be brought out by cross-examination, and they may affect the credibility the jury gives Decker's testimony. But they do not render him unqualified.

**Reliability**

Defendants argue that Decker's testimony is unreliable because he made a "deduction." But it is common for experts to "extrapolate from existing data." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Although an expert's conclusion must be "connected to existing data" by more than the "*ipse dixit* of the expert," there was no "great . . . analytical gap between the data and the opinion proffered" by Decker. *See id.*

Decker testified that the OCA files "are the embodiment of the Pegasus software" because the "OCAs were at some point created from the [Pegasus] OCX file," and they would not exist absent Pegasus' software. (Decker Dep. 181:13-24). He made a "deduction," that the OCA files contained Pegasus' code because "they had to be created from the Pegasus OCX files. And given that they were created from the OCX files, then they have to contain Pegasus code." (*Id.* at 182:8-16).

Defendants argue that Decker's methodology is flawed because he failed to examine the OCA files. Decker did indeed testify, "I don't know of a way to open up the OCA file and examine the contents. That would be -- that would be nice corroboration, if you will; a second test to affirm that that's true." (*Id.* at 182:19-22). But an expert need not run every conceivable test to double-check his conclusion. The fact that other types of testing could have been performed goes to the weight of the testimony, not its admissibility. " 'So long as the expert's testimony rests upon 'good

3

grounds,' it should be tested by the adversary process–competing expert testimony and active cross-examination–rather than excluded from jurors['] scrutiny for fear that they will not grasp its complexities or [satisfactorily] weigh its inadequacies.' " *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1345 (11th Cir. 2003) (quoting *In re TMI Litig.*, 193 F.3d 613, 692 (3d Cir. 1999)).

Decker's opinion rests on methodology which is sufficiently reliable to be presented to the jury. The flaws Defendants challenge are more appropriately addressed through cross-examination than exclusion of the testimony.

## Conclusion

Accordingly, for the reasons stated in open court and discussed above, Defendants' Motion in Limine to Exclude Certain Testimony of Matthew Decker (Dkt. 152) is DENIED.

**DONE AND ORDERED** this 11th day of January, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record